VAN NEST (MERRIAM v.). See Case No. 9,462.

VAN NEST (SEARLES v.). See Case No. 12,587.

VAN NORMAN v. HOLMAN. See Case No. 291.

VAN NORTHWICK v. STERLING. See Case No. 16,388.

VAN NOSTRAND (MINON v.). See Case No. 9,641.

## Case No. 16,870.

### Ex parte VAN ORDEN.

[3 Blatchf. 166;[1] 12 N. Y. Leg. Obs. 161.]

Circuit Court, S. D. New York. May 1, 1854.

FUGITIVE SLAVE LAW—POWER AND DUTIES OF COMMISSIONER—CERTIORARI.

1. A commissioner appointed by this court is, in the execution of the duties of his office under the act of September 18th, 1850 (9 Stat. 462), commonly called the "Fugitive Slave Act," in no legal sense a magistrate inferior to this court.

2. This court has no power to issue a writ of certiorari to such a commissioner, to review proceedings before him under that act.

[Cited in Re Macdonnell, Case No. 8,772. Cited in brief in Ex parte Norvell, 20 D. C. 348.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

This was a motion for a writ of certiorari, to be issued to a commissioner appointed by this court, commanding him to return to this court the record or minutes of proceedings before him in this case. which was an application to the commissioner by the master of an apprentice residing in the state of New Jersey, for a warrant for the arrest of the apprentice as a fugitive from service or labor. with a view to his extradition. The commisisoner, on the hearing before him, decided that the acts of congress of February 12th, 1793, and September 18th, 1850 (1 Stat. 302, and 9 Stat. 462), in respect to the arrest of fugitives from labor, and their delivery up to the persons to whom they owe service, did not apply to the case of a white person bound to service as an apprentice, and therefore denied the application. For the purpose of having that determination reviewed, this application for a writ of certiorari was made.

S. W. Roosevelt and R. B. Roosevelt, for the motion.

Washington Q. Morton, opposed.

BETTS, District Judge. The ground upon which this motion is rested by the counsel for the applicant is, that this court, being empowered by law to issue a writ of certiorari, can employ it to the same purpose and extent that courts of superior jurisdiction can at common law; and that, a commissioner appointed by this court being a judicial officer of inferior jurisdiction, it is within the province of the court, by means of a writ of certiorari, to call before it and rectify any error in his proceedings.

There, are two fundamental errors in this proposition:—First. A commissioner, in the execution of the duties of his office, under the act of September 18th, 1850 (9 Stat. 462), is, in no legal sense. a magistrate inferior to the circuit court. No provision is made in that act, or in any other, subjecting his proceedings to the control or review of this court, nor are his functions declared to be subordinate to the authority of any other tribunal. The court, in making the appointment of commissioners, fulfils an agency imposed on it by congress, and no more acquires thereby a supervisory authority over him, or his proceedings in his office, than the president or the senate has over judges appointed by them. He is not even an officer of the court. Second. No authority is given to the courts of the United States, in express terms, to issue a writ of certiorari. It is implied in "the power to issue writs of scire facias, habeas corpus, and all other writs, not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law." Act Sept. 24, 1789. § 14; 1 Stat. 81, 82. The power is not inherent in the court. It is imparted by the statutory provision, and must be exercised under the qualifications indicated by the law: and, of course, the writ can only be awarded as auxiliary to

the exercise of a judicial authority over the case or subject matter to which it is applied.

The writ lies, at common law, from chancery or the king's bench, only to inferior courts or magistrates, to transfer a given subject matter to the cognizance . of a superior judicature. Fitzh. Nat. Brev. 1:5, 242. The case may not be so removed, when it cannot be proceeded in after removal. Dr. Sards' Case, 1 Salk. 145.

The circuit court has power, by writ of error or appeal. to review and correct the judgment of a district court; yet it cannot issue a certiorari to a district court, without direct authorization by statute. Patterson v. U. S., 2 Wheat. [15 U. S.] 221.

The power granted to the courts of the United States to issue writs of certiorari rests upon the same implication as that to award writs of mandamus. Yet it is not within their competency to issue a mandamus to any magistrate, under the provisions of the judiciary act, other than to those within the District of Columbia. McIntire v. Wood, 7 Cranch [11 U. S.] 504; McCluny v. Silliman, 6 Wheat. [19 U. S.] 598; Kendall v. U. S., 12 Pet. [37 U. S.] 524. No power having been delegated to the circuit court to. award a certiorari to magistrates or other officers, for the object and to the end proposed by this application, the relief asked for cannot be granted, even if the case would afford a proper occasion for the writ at common law.

It is. however, open to serious question whether, after proceedings are wholly determined before a magistrate, the party defeated in these proceedings could have relief at common law by a writ of certiorari. The case would be no longer pending, and the superior court. if it were, by virtue of the writ, substituted in place of the magistrate, could hardly be supposed. to have authority to revive the litigation, and thus create an occasion for giving a proper decision. The writ would not be used to call in a full exhibition of the documents and proceedings before the magistrate, but to invest the higher court with the cause itself, and enable it to reverse the former decision. or recall a concluded litigation in the manner of instituting a new one, and thus enable itself to act in the case as if it were commenced there or brought up by a writ of error or appeal. This is not a common law province of the writ of certiorari, especially when the decision of the magistrate has no further effect upon a party than to declare him non-suited, or that he has made out no legal ground for the proceedings he set on foot.

Without discussing the case from this point of view, I am clearly of the opinion, that this court has no jurisdiction, in the matter presented by this application, on which it can order a writ of certiorari to be issued. _he motion is accordingly denied..